UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOR AHMADD BISHOP,<br><br>        Plaintiff,<br><br>    v.<br><br>P. CAMACHO,<br><br>        Defendant. | Case No. 2:20-cv-01762-JDP (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>ECF No. 15 |

Plaintiff is a prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff moves for the appointment of counsel. ECF No. 15.

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated. Further, plaintiff has not demonstrated that he is likely to succeed on the merits. For these reasons, plaintiff's motion to appoint counsel, ECF No. 15, is denied without prejudice.

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

IT IS SO ORDERED.

Dated:   December 1, 2020                                  _____
                                                                                        JEREMY D. PETERSON
                                                                                        UNITED STATES MAGISTRATE JUDGE