UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOR AHMADD BISHOP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P. CAMACHO,<br><br>　　　　　Defendant. | Case No.  2:20-cv-01762-JDP (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER AND DENYING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME AND DISCOVERY-RELATED MOTION<br><br>ECF Nos. 37, 39, 48, 54<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>ECF No. 44<br><br>FOURTEEN-DAY DEADLINE |

　　　　Plaintiff is a prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983.  Five motions are pending before the court, all of which are addressed herein.

　　　　Plaintiff has filed two separate motions for extension of time.  ECF Nos. 37 & 39.  Neither motion identifies the deadline that plaintiff seeks to extend; therefore, each is denied without prejudice.[1]  Also pending is defendant's motion to modify the April 5, 2021 scheduling order to

---

[1] One of the motions states that plaintiff needs additional time to address a "motion for production and interrogatories."  ECF No. 39.  No such motion has been filed with the court. Moreover, discovery has now closed, and defendant has not moved to compel plaintiff to respond to discovery.  Thus, there is no basis for concluding that plaintiff asks for additional time to

1

1   extend the deadline for filing dispositive motions. ECF No. 54. Good cause appearing, that

2   motion is granted.

3         Plaintiff has also filed a discovery-related motion asking defendant to respond to several

4   requests for admissions. ECF No. 48. As the court has previously explained, discovery requests

5   are to be filed with the court only if they are at issue. *See* E.D. Cal. L.R. 250.2-250.4; *see* ECF

6   No. 34. Currently, there is no court proceeding requiring review of discovery matters. If plaintiff

7   intended to serve defendant with his discovery requests by filing them with the court, that

8   approach is improper; discovery requests must be served on the opposing party. *See* Fed. R. Civ.

9   P. 30-36. To the extent plaintiff seeks to compel responses to his requests for admissions, his

10  motion is untimely. Plaintiff filed his motion on October 4, 2021, nearly two months after the

11  deadline for filing motions to compel discovery, *see* ECF No. 30 at 4, and he has not identified a

12  basis for extending that deadline. Plaintiff's discovery motion is denied.

13        Finally, plaintiff has filed a motion for injunctive relief, ECF No. 44, seeking physical

14  therapy for his heart and lungs and alleging that medical staff purposely misdiagnosed him as a

15  diabetic.[2] Plaintiff alleges that he was intentionally misdiagnosed so that staff could, under the

16  guise of administering insulin, inject him with a microchip that would monitor his location. *Id.* at

17  2. I recommend denying the motion.

18        As a threshold matter, plaintiff seeks injunctive relief that bears no relation to his claims.

19  The complaint alleges that defendant, a correctional officer, sexually harassed plaintiff and took

20  measures to endanger him. By contrast, plaintiff's motion concerns actions taken by medical

21  personnel. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (holding that

22  a preliminary injunction cannot address "a matter lying wholly outside the issues in the suit");

---

24  respond to a request for discovery.

25     [2] In violation of Local Rule 230(l), defendant failed to file an opposition or statement of non-opposition to plaintiff's motion for injunctive relief. While the court will excuse the instant violation and address the merits of plaintiff's motion, defendant is warned that future violations of the local rules or court orders could result in the imposition of sanctions. *See* E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with [the Local] Rules or any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

2

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). The motion also seeks to enjoin individuals who are not parties to this action. *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). But more significantly, plaintiff's motion is frivolous because it lacks even "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (holding that a complaint is frivolous if its "factual contentions are clearly baseless," "fantastic," or "delusional").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motions for extensions of time, ECF Nos. 37 & 39, are denied.

2. Plaintiff's discovery motion, ECF No. 48, is denied.

3. Defendant's motion to modify the scheduling order, ECF No. 54, is granted, and the deadline to file dispositive motions is extended to January 24, 2022.

4. The Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that plaintiff's motion for injunctive relief, ECF No. 44, be denied.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   December 13, 2021

JEREMY D. PETERSON

UNITED STATES MAGISTRATE JUDGE