UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOR AHMADD BISHOP,<br><br>  Plaintiff,<br><br>  v.<br><br>P. CAMACHO<br><br>  Defendant. | Case No.  2:20-cv-01762-WBS-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL<br><br>ECF Nos. 58 & 59 |

Plaintiff has filed two discovery-related motions. ECF Nos. 58 & 59. I will deny both.

In his first filing, which plaintiff styles as "Motion: Production of Documents to Defendant," plaintiff argues the merits of his claims and explains that he wants to submit evidence to prove his allegations. ECF No. 58. He also appears to identify documents that he produced, or intends to produce, in response to defendant's discovery request. *See id.* at 1, 3 ("plaintiff must oblige to the request of documents to defendants [*sic*] as requested," and "plaintiff will introduce and reply to defendant [*sic*] documents"). It is not apparent from plaintiff's motion what relief, if any, he seeks.[1] Accordingly, the motion will be denied.

In his second motion, plaintiff seeks to compel defendant to respond to one request for

---

[1] Plaintiff asks that the court order him to undergo a polygraph test if one is needed to prove his allegations. As the court previously explained to plaintiff, it does not have the authority to order a polygraph test. *See* ECF No. 34; *Banks v. U.C. Regents*, No. 2:14-cv-0460-TLN-KJN P, 2016 WL 3034046, *13 (E.D. Cal. Feb. 12, 2016).

1

1    production: "Any and all grievances, complaints or other documents defendant wrote on plaintiff
2    by the defendant or their agents at CSP-SAC concerning mistreatment of plaintiff by c/o
3    Camacho the defendant—memoranda, investigative files or other documents created in response
4    to such documents since March 4 2020." ECF No. 59 at 5.  Plaintiff argues that he was
5    prohibited from seeking this discovery earlier because correctional officers were harassing him by
6    putting him "in uncomfortable situations and [an] unneeded treatment program design[ed] to
7    punish inmate." *Id.* at 5-6.  Defendant opposes the motion, arguing that the motion and request
8    for discovery are untimely.  ECF No. 62.

9        Under the scheduling order, all requests for discovery were to be served by July 9, 2021,
10   and all discovery, including the filing of any motions to compel, was to occur by September 10,
11   2021.  ECF No. 30.  Plaintiff concedes that he served his request for production on September 22,
12   2021, more than two months after the deadline for written discovery.[2]  And he waited until
13   December 27, 2021, more than three months after the discovery deadline, to file this motion to
14   compel.  Consequently, both the motion and request are untimely under the court's scheduling
15   order.  *See* ECF No. 30.

16       To the extent plaintiff argues that he was delayed because correctional officers were
17   harassing him and putting him in uncomfortable situations, the record tells a different story.
18   Between the court's issuance of the scheduling order and the deadline for discovery, plaintiff filed
19   fourteen documents with the court.  *See* ECF Nos. 31-33; 35-37; 39-47.  The court is not
20   persuaded that plaintiff was stopped from serving discovery requests on defendant or seeking to
21   compel defendant's responses.

22       Accordingly, it is hereby ORDERED that plaintiff's motions to compel, ECF Nos. 58 &
23   59, are denied.

24

---

25       [2] Plaintiff also seems to claim that he served defendant with a request for production on
26   April 4, 2021.  As defendant attests to not receiving any discovery requests before October 4,
     2021, ECF No. 62 at 7, the court believes that plaintiff is referring to a document that the court
27   construed as a discovery motion, which plaintiff signed on April 4.  ECF No. 32.  The court
     denied that motion as improperly served and advised plaintiff that he would need to serve
28   discovery requests directly upon defendant.  ECF No. 56.

IT IS SO ORDERED.

Dated: ___May 3, 2022___  
                                              JEREMY D. PETERSON  
                                              UNITED STATES MAGISTRATE JUDGE