UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOR AHMADD BISHOP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P. CAMACHO,<br><br>　　　　　Defendant. | Case No.   2:20-cv-01762-WBS-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED AND PLAINTIFF'S CLAIMS BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 72 |

　　　　Plaintiff alleges that defendant violated his Eighth Amendment rights by sexually harassing him and placing him in danger of physical assault by other inmates. He also alleges that defendant violated his First Amendment rights by retaliating against him for filing a grievance against her. Defendant has now filed a motion for summary judgment that argues plaintiff failed to exhaust his administrative remedies before filing this suit. ECF No. 72. Plaintiff has filed an opposition, ECF No. 73, and defendant has filed a reply, ECF No. 74. I recommend that defendant's motion be granted and this action be dismissed.

1

**Motion for Summary Judgment**

A. **Legal Standards**

   1. **Summary Judgment Standard**

A motion for summary judgment will be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see* Fed. R. Civ. P. 56. The moving party bears the burden of establishing that there is no genuine issue of material fact. *See Celotex*, 477 U.S. at 322-23. If the moving party meets that burden by "presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial, [Fed. R. Civ. P. 56(e)(2)] shifts to [the nonmoving party] the burden of presenting specific facts showing that such contradiction is possible." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 950-52 (9th Cir. 1978).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1). The court can consider other materials in the record not cited by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.

*Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

### 2. Exhaustion Requirements

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Unexhausted claims require dismissal. *See Jones v. Bock*, 549 U.S. 199, 211 (2007).

A prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. *Id.* at 218. When a prison's grievance procedures do not specify the requisite level of detail, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (internal quotation marks omitted). "The grievance 'need not include legal terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.'" *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (quoting *Griffin*, 557 F.3d at 1120).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856. The Supreme Court has explained when an administrative procedure is unavailable:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates . . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use . . . . And finally, the same is

3

> true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation . . . . [S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 1859-60 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies.").

If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**B.     Analysis**

Defendant argues that plaintiff filed only one grievance, numbered SAC-20-01032, related to the claims in this action. ECF No. 72 at 7; ECF No. 72-3 at 4 ¶12 (Declaration of D. Contreras). That grievance received a final decision at the third level of review on June 16, 2021. ECF No. 72-4 at 4. Plaintiff filed this action well before that date, on September 1, 2020. ECF No. 1. Administrative remedies must be exhausted before a suit is filed. *Porter*, 534 U.S. at 524; *see also McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (requiring dismissal of prisoner actions that were brought before administrative remedies were exhausted).

For his part, plaintiff offers no convincing argument for his failure to exhaust before filing this suit. He vaguely alleges that unnamed correctional officers have tampered with his mail and forged documents. ECF No. 73 at 1. He fails to elaborate on these allegations or explain how they prevented him from exhausting administrative remedies. Nor does plaintiff argue that he received a final decision before filing this lawsuit or that his failure to await such a decision was justified. Finally, I reject the argument, to the extent plaintiff seeks to raise it, that administrative remedies were unavailable to him. Records show that, before this action was filed, plaintiff had already received a second-level decision on his grievance. ECF No. 72-3 at 5 ¶16 (Declaration of D. Contreras). All signs indicated that he would eventually receive a final decision on his

grievance and that remedies remained available.

Accordingly, I find that plaintiff failed to exhaust administrative remedies before filing this suit and his claims must be dismissed. It is RECOMMENDED that defendant's motion for summary judgment, ECF No. 72, be GRANTED and plaintiff's claims be dismissed without leave to amend for failure to exhaust.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   July 7, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE